### Bud Parsons v. The State.

#### No. 5157.　Decided October 30, 1918.

**Burglary—Charge of Court—Standpoint of Defendant.**

Where, upon trial of burglary, the defendant claimed consent of the alleged owner to enter said house and get the alleged property, the case must be looked at from the defendant's standpoint and not from the standpoint of the jury, and although defendant may not have had specific permission to enter the house, yet if he believed he had such authority and acted upon it, he would not be guilty, and the court should have so instructed the jury, and a refusal to do so is reversible error.

Appeal from the District Court of Eastland. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. L. Rust,* for appellant.—On question of court's charge: Melton v. State, 158 S. W. Rep., 550; Harris v. State, 55 Texas Crim. Rep., 469.

*E. B. Hendricks.* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The evidence for the State discloses that the alleged owner of the property was named Louis Venturi; that he owned what he called a cellar, which was a house within the contemplation of the law as described in the evidence. The State's evidence also discloses that appellant, in connection with another, entered this house and took from it beer that was owned by Venturi; that it was done without the consent of Venturi, and that in doing so they opened or broke the door, and by this means entered the house and took the property. This, in a nutshell, is the State's case. Appellant's evidence is to the effect that he

had permission of Venturi to enter the house and get the beer in the absence of Venturi; that in pursuance to this authority he did enter the house and obtain the beer, and subsequently offered to pay for it, which was declined by Venturi. His testimony also suggests the fact that the door of the house was open and there was no breaking.

The court charged the jury to the effect that if the house was entered without the consent of Venturi they would convict. With reference to his theory of the case the court instructed the jury as follows:

"The defense relied on by the defendant in this case is that he had permission of Louis Venturi to go into the said house and get beer in the event that said Louis Venturi was absent, and that he entered said house with the permission, consent and invitation of said Louis Venturi, and that said door to the said house was open when he entered said house for the purpose of getting some beer.

"Now, if you believe from the evidence that said Louis Venturi invited said defendant to enter said house in his absence for the purpose of getting beer, even though you find the door to said house was closed, you will acquit the defendant. Or, if you believe from the evidence that Louis Venturi did not invite, or consent for the defendant to enter said house and get said beer, yet if you further believe that the door or doors to said house were open at the time the defendant did enter the same, you will acquit the defendant because there would be no breaking under the law."

Various objections were urged to this charge and a special charge requested, which was refused. The special charge is as follows:

"You are further instructed that unless you find beyond a reasonable doubt that the defendant did break and enter the house mentioned in the indictment belonging to Louis Venturi, without the consent of said Louis Venturi; or if you have a reasonable doubt as to whether the defendant either had permission from said owner to so enter said house, if he did, or was laboring under the impression and believed he had so been invited to so enter the same, or if you have a reasonable doubt that he acted upon such invitation to so enter, if any, and if he did so enter, then in that event the defendant would not be guilty of burglary, and in such event you will find the defendant not guilty."

We are of opinion that the court erred in giving the instruction he did give, and also erred in not giving appellant's instruction. It is not a question of belief for the jury so much as it is the belief of the defendant as to his authority. The defendant may not have had specific permission to enter the house as Venturi testified he did not, yet if defendant believed he had such authority and acted upon it he would not be guilty. The case must be looked at from defendant's standpoint and not from the standpoint of the jury. We are of opinion this changed the rule of burden of proof, but in any event appellant had the right to have the jury pass upon the case from his viewpoint and not from the jury's belief. It is not the rule of law that the jury should believe that the defendant entered the house without authority.

It is the jury's business and province to ascertain what defendant believed about it at the time, and from what viewpoint he understood the matter in his action.  The jury might believe that appellant did not have the authority and take Venturi's version of it, yet if defendant believed he had the authority the jury should be instructed that under such circumstances he would not be guilty of burglary.  If he believed he had permission to take the property from the house, he would not be guilty of burglary; the fraud would be wanting.

Believing the court was in error in giving the main charge, and also in error in refusing the special instruction, which we think submitted the law of the case, this judgment will be reversed and the cause remanded.

*Reversed and remanded.*